UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BRENDA KRIEGER, Administrator of the Estate of James Krieger,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>GURMIT SINGH; SULTAN TRUCKING, INC.; ARMSTRONG TRANSPORTATION, LLC; ARMSTRONG TRANSPORT, LLC; SJ TRANS, INC.; YADWINDER SINGH; UNITED STATES COLD STORAGE OF CALIFORNIA; SUPHERB FARMS; ARMANINO FARMS OF CALIFORNIA, INC.; MCCORMICK & COMPANY, INC.; DAREGAL, INC.; and ARMSTRONG TRANSPORT GROUP, LLC,<br><br>　　　　Defendants. | Case No. 24-cv-2530-JPG |

**MEMORANDUM AND ORDER**

This case is a procedural mess. The Court issues this order in an attempt to clean it up. Going forward, the Court will strictly enforce rules and will take prompt action for a party's failure to follow them.

**Rule 7.1 Disclosures**

Defendants Gurmit Sing, Sultan Trucking, Inc., and SupHerb Farms have not filed the Disclosure Statement required by Federal Rule of Civil Procedure 7.1 and SDIL-LR 7.1-1. A copy of this Court's form Disclosure Statement can be found under the Forms tab at the Court's website: https//www.ilsd.uscourts.gov. The Court **ORDERS** that they each file their Rule 7.1 statement within 14 days of entry of this order. If a defendant fails to file the Disclosure Statement within 14 days of entry of this order, the Court may summarily strike its existing filings and any others it files until it file the required statement.

**Dismissal Notices/Motions**

The plaintiff has filed a notice of dismissal (Doc. 58) and two motions to dismiss that actually qualify as notices (Docs. 62 & 67), all under Federal Rule of Civil Procedure 41(a) or (b). Each seeks dismissal of one or more defendants, but not the entire lawsuit. Rule 41(a) "does not speak of dismissing one claim in a suit; it speaks of dismissing 'an action'—which is to say, the whole case." *Taylor v. Brown*, 787 F.3d 851, 857 (7th Cir. 2015) (considering Rule 41(a)(2); internal quotations omitted). The proper way to dismiss less than an entire action is to file an amended complaint under Federal Rule of Civil Procedure 15(a) omitting the claims to be dismissed. *Id.* Accordingly, the Court **DENIES** the notices and motions (Docs. 58, 62, & 67) and **ORDERS** that the plaintiff shall have 14 days from entry of this order to file a Fourth Amended Complaint that omits the defendants she seeks to dismiss.

It is true that sometimes the Court overlooks the rule of *Taylor* and accepts piecemeal dismissal of individual parties by notice, stipulation, or motion. However, this case has been a virtual tornado of defendants, with the plaintiff seeking to add and dismiss them at a furious pace. In order to calm things down, the Court believes a new pleading containing only the claims the plaintiff intends to pursue is appropriate.

**Subject Matter Jurisdiction**

On January 17, 2024, the Court ordered the plaintiff to show cause within 21 days why the Court should not dismiss this case because she failed to adequately establish diversity jurisdiction, specifically, by repeatedly failing to properly plead the citizenship of the LLC defendants (Doc. 24). The Court reminded her in its January 28, 2025, order (Doc. 56) of her obligation to respond by February 13, 2025, to the order to show cause. Each order clearly explained the plaintiff's pleading deficiency. In both orders, the Court warned the plaintiff that her failure to respond could result in dismissal of this case for lack of subject matter jurisdiction or for failure to prosecute pursuant to

Federal Rule of Civil Procedure 41(b).  Yet the plaintiff has not responded to the order to show cause, nor has she proposed an amended complaint that cures the pleading defects regarding the LLC defendants that she has not sought to dismiss.

The Court **WARNS** the plaintiff that if she files a Fourth Amended Complaint (as allowed in the prior section of this order) that does not properly plead the citizenships of all LLC defendants, the Court will assume she cannot because diversity jurisdiction does not exist, and it will summarily dismiss this case for lack of subject matter jurisdiction.  <u>The Court will give her no more opportunities to amend her pleading to establish diversity jurisdiction.</u>  If the plaintiff fails to file a Fourth Amended Complaint, the Court will dismiss this case for lack of jurisdiction based on the deficient pleading in the Third Amended Complaint.

The Court advises plaintiff's counsel to review its prior orders explaining exactly what she must plead, and it cautions her that being a sole practitioner does not excuse her from proper pleading requirements or responding to Court orders.  If she is unable to ascertain the citizenships of the LLC defendants to establish diversity jurisdiction in this forum, she may refile this case in state court without concern for diversity jurisdiction (although she may have a statute of limitations concern).

**SupHerb Farms' Motion for Extension of Time**

In light of the forthcoming Fourth Amended Complaint or dismissal of this action, the Court **GRANTS** SupHerb Farms' motion for an extension of time to respond to the plaintiff's Third Amended Complaint (Doc. 66).  The response is due March 19, 2025, if intervening events do not render the need for a response unnecessary.

**IT IS SO ORDERED.**
**DATED:  February 21, 2025**

                                                         s/ J. Phil Gilbert
                                                         **J. PHIL GILBERT**
                                                         **DISTRICT JUDGE**